IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William T. Watts, II, #90124 | C/A No. 8:14-3223-TMC-JDA |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Unknown Officer of Lexington County Sheriff's Department; Unknown SLED Officers; Unknown U.S. Military; FBI; John Etters; Craig Hall; Officer Shumpert; Officer Singleton; James Metts; Lewis McCarty; Commissioner of SLED (Sheriff, Head, Leader); Governor Nikki Haley; United States, | |
| Defendants. | |

William T. Watts, II ("Plaintiff"), proceeding pro se, appears to bring this civil action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971), and 42 U.S.C. § 1983, alleging violations of his constitutional rights. It appears that Plaintiff is a pretrial detainee at the Lexington County Detention Center ("LCDC") in Lexington, South Carolina, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

## Background

Plaintiff alleges Defendants are currently violating his constitutional rights, and have been since 1994, by conducting unreasonable searches of him using X-ray drones. [Doc. 1 at 3–4.] Specifically, in the original Complaint filed on or about August 12, 2014, he raises the following issues. He alleges that he has been X-rayed more than 80,000 times, and it has caused him physical illness and injury. [Doc. 1 at 3.] He also contends that unknown Lexington County Sheriff's Department officers, without his permission, have installed recording and tracking devices in his home, computer, and truck. [*Id*.] Further, he

contends that Officer Shumpert and Singleton of the South Congaree Police Department tasered him seven times, falsely arrested him, searched his home, and seized his guns on September 6, 2012. [*Id*.] He alleges that Shumpert and Singleton with unknown Lexington County Sheriff's Department officers "are trying to kill [him] or inprison (sic) [him] at the request of John Etters and Craig Hall." [*Id*.] Additionally, Plaintiff contends that unknown Lexington County Detention Center officers have prevented him from mailing some letters and refused to provide him adequate paper and photocopies. [*Id*. at 4.]

In additional attachments to the Complaint submitted on or about September 15, 2014, Plaintiff raises many issues including the following. He is being X-rayed 50–250 times daily, and it feels like torture, rape, or being "cooked alive." [Doc. 1-2 at 1, 3–4.] Among other things, Defendants damaged his internet, refrigerator, and air conditioning, installed a camera in his outside security light, watched him at the grocery store, and listened to his telephone conversations. [Doc. 1-2 at 2.] His "family, friends, and neighbors have been killed, injured, and unemployed," by Defendants. [*Id*. at 2, 13.] Specifically, he alleges the Lexington County Sheriff's Department killed his neighbor. [*Id*.] Defendants have prevented him from selling property and harassed anyone who had contact with Plaintiff. [*Id*. at 2.] He appears to allege that John Etters worked at RECCO Tape and Label in November of 2008, and he confronted Mr. Etters about labor and product fraud. [*Id*. at 4–5.] He seems to indicate that Craig Hall also worked at RECCO. [*Id*.] Also, Plaintiff contends that the Lexington County Sheriff's Department was working with the Irish Republican Army. [*Id*. at 5.]

Based on these facts, Plaintiff alleges that Defendants have violated his Fourth Amendment right to be free from unreasonable searches, violated his due process rights,

and have used excessive force on him. [*Id*. at 13–14.] He requests money damages, the return of his property, an order to halt the use of X-ray drones, and in the future to be informed of surveillance of him. [*Id*. at 14; Doc. 1 at 5.] Moreover, Plaintiff states, "I incorporate, restate and re-allege my complaint in case 8:12-2909-TMC and 8:14-2659-TMC-JDA." [Doc. 1 at 4.]

This Court takes judicial notice that Plaintiff filed a prior civil action raising similar factual contentions and issues against some of the same Defendants. *See Watts v. United States, et al.*, C/A No. 8:14-2659-TMC-JDA; *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). The prior action is currently pending, and this Court has recommended that Plaintiff's claims for violation of his constitutional rights should be dismissed based on frivolousness. *See* Report and Recommendation, *Watts v. United States, et al.*, C/A No. 8:14-2659-TMC-JDA (Aug. 12, 2014), ECF No. 14. Additionally, in 2012, Plaintiff filed another prior action, *Watts v. Lexington Cnty. Police Dep't, et al.*, C/A No. 8:12-2909-TMC-JDA, raising similar factual allegations against some of the same defendants. *Id*. at ECF No. 15 (Nov. 15, 2012). On December 4, 2012, this Court dismissed that action without prejudice. *Id*. at ECF No. 20 (Dec. 4, 2012).

## Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action

3

pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent standard, a portion of the pro se pleading remains subject to summary dismissal.  The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which

4

set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## Discussion

This action should be dismissed pursuant to 28 U.S.C. § 1915 because it is factually frivolous. For example, Plaintiff's allegations that he has been X-rayed more than 80,000 times, he is being X-rayed 50–250 times daily, and that the Lexington County Sheriff's Department was working with the Irish Republican Army are fantastic, fanciful, or delusional allegations. *See Feurtado v. McNair*, C/A No. 3:05-1933-SB, 2006 WL 1663792 (D.S.C. June 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th Cir. 2007); *Brock v. Angelone*, 105 F.3d 952, 953-54 (4th Cir. 1997) (finding that prisoner's claim that he was being poisoned or experimented upon via an ingredient in pancake syrup served at his prison was fanciful or delusional, and the appeal was dismissed as frivolous with sanctions); *cf. Sloan v. City of Asheville Police*, No. 91-6330, 1992 WL 212141 (4th Cir. 1992) (finding that allegations by a homeless person that he was harassed by police is not inherently fantastic or delusional).

Additionally, because the instant action is repetitive and duplicative of the prior action that is currently pending before this Court, it appears that Plaintiff filed this action maliciously. By requesting to incorporate, restate, and re-allege his Complaints from cases 8:12-2909-TMC (a closed case that has been dismissed) and 8:14-2659-TMC-JDA (a pending case wherein the undersigned has recommended dismissal of certain claims based on frivolousness) into the instant action, Plaintiff is attempting to raise his frivolous claims yet again to obtain another chance before this Court after it already has ruled that

5

similar claims are frivolous or otherwise subject to dismissal. In other words, Plaintiff is attempting to abuse the judicial process. Therefore, this action also should be dismissed based upon maliciousness. *See Pierson v. Shelton*, No. 1:07-CV-708-MHT, 2007 WL 2710407, at *1 (Sept. 13, 2007) (explaining that malicious suits under § 1915 are abusive of the judicial process); *see generally, Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) ("'The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.'") (citation omitted).

Finally, this Court recommends that this action be deemed a "strike" pursuant to 28 U.S.C. § 1915(g), because it is subject to dismissal based on frivolousness and/or maliciousness. *See McLean v. United States*, 566 F.3d 391, 399-400 (4th Cir. 2009) (noting that a dismissal for frivolousness or maliciousness, with no designation regarding prejudice, may be designated a strike).

## Recommendation

It is recommended that the District Court dismiss this action without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). It is further recommended that this action be designated a "strike" pursuant to 28 U.S.C. § 1915(g). **Plaintiff's attention is directed to the important notice on the next page.**

September 18, 2014
Greenville, South Carolina

s/ Jacquelyn D. Austin
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).